THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. BANK, N.A., | CASE NO. C19-0074-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE GLOGOWSKI LAW FIRM, PLLC d/b/a ALLEGIANT LAW GROUP, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to dismiss (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

In 2010, a couple (the "Borrowers") obtained a loan from Plaintiff U.S. Bank, secured by real property located in Seattle (the "Property"). (Dkt. No. 1 at 1, 3.) The Property was subject to dues from a condominium owners' association ("COA"). (*Id.* at 3.) In 2011 and 2012, the Borrowers defaulted on their loan, filed for bankruptcy, and ceased paying COA dues. (*Id.*) In 2013, the COA recorded a lien against the Property, obtained a judgment, and held a sale of the Property in June 2014. (*Id.*) In August 2014, Plaintiff, through its attorney at the time, redeemed the Property from the COA's foreclosure sale. (*Id.*) At that time, through its attorney, Plaintiff

recorded a Certificate of Redemption, but did not obtain and record a Sheriff's Deed. (*Id.*) In October 2014, Plaintiff entered into a contract with Defendant The Glogowski Law Firm, PLLC, signed by Defendant Katrina Glogowski, (collectively "Defendants") to provide legal counsel for residential mortgage default management. (*Id.* at 15–25.) On May 14, 2015, Plaintiff paid all then-delinquent COA dues. (*Id.* at 3.) On June 30, 2015, Plaintiff transferred the Property's file to Defendants for Defendants to protect Plaintiff's interest in the Property. (*Id.*)

According to the contract, Defendants were responsible for timely notifying Plaintiff about any claims or legal action brought against the Property. (*Id.* at 4–5.) Plaintiff contends that when Defendants received the Property's file, which showed a Certificate of Redemption, but no recorded Sheriff's Deed. (*Id.* at 5.) Plaintiff further contends that Defendants did not advise Plaintiff that the Borrowers' interests were already foreclosed as part of the COA proceedings and that Plaintiff could liquidate the Property without need for foreclosure by simply requesting and recording a Sheriff's Deed. (*Id.*) Defendants deny this allegation (Dkt. No. 11 at 3.) According to Plaintiff, Defendants counseled it to begin foreclosure proceedings and on August 6, 2015, at Defendants' request, Plaintiff executed a substitution of trustee ("SOT") in favor of Defendant The Glogowski Law Firm, which Defendants recorded. (Dkt. No. 1 at 5.) Thereafter, Plaintiff alleges that Defendants took no further action on the Property's file and did not respond to Plaintiff's requests for an update for nearly five months. (*Id.* at 5–6.) Defendants deny this allegation (Dkt. No. 11 at 3–4.)

In November 2015, the COA recorded another lien against the Property for unpaid dues. (Dkt. No. 1 at 6.) Although it was aware of this lien, Plaintiff contends that it did not respond because it believed that Defendants were managing the Property. (*Id.*) In December 2015, the COA obtained an order of default and held a foreclosure sale in March 2016, which was confirmed on April 14, 2016. (*Id.*) Plaintiff contends it was unaware of the order of default and the foreclosure sale. (*Id.*) On April 25 and 30, 2016, Defendants attempted to serve a Notice of Default on the Borrowers at the Property. (*Id.*)

In the summer of 2016, Plaintiff placed all loan files assigned to Defendants on hold. (*Id.* at 7.) Plaintiff terminated its relationship with Defendants on December 5, 2016 and transferred all of Plaintiff's files away from Defendants on January 31, 2017. (*Id.*) Plaintiff claims that it later learned that its ability to redeem the Property had expired in December 2016. (*Id.* at 8.) In September 2017, the Property's investor demanded Plaintiff reimburse it for the loss of the Property by repurchasing the original loan Plaintiff made to the Borrowers. (*Id.*)

Plaintiff brought this lawsuit, alleging that Defendants' misconduct and breach of their duties to Plaintiff caused Plaintiff to lose the Property and the outstanding principal balance on the loan, and also caused Plaintiff to incur additional attorney fees and litigation costs. (*Id.*) In their answer, Defendants denied Plaintiff's allegations of misconduct and breach. (*See generally* Dkt. No. 11.) Defendants bring counterclaims for breach of contract, unjust enrichment, and quantum meruit. (*Id.* at 8–9.) In their counterclaims, Defendants present no new factual theories—the sum of Defendants' answer and counterclaims is that Defendants did not commit the misconduct Plaintiff alleges, and because Plaintiff failed to pay them, Plaintiff breached the contract. (*See generally id.*) Plaintiff moves to dismiss Defendants' counterclaims. (Dkt. No. 13.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6)

The Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B. Breach of Contract Claim

Defendants have pled sufficient factual allegations to state a claim upon which relief can be granted with regard to only one factual theory of Plaintiff's breach.[1] Defendants' counterclaim, as pled, only alleges that Defendants performed those specific contractual duties that Plaintiff alleges in its complaint that they did not. (*See* Dkt. No. 11.) The counterclaim further alleges that Plaintiff failed to pay Defendants for that performance. (*Id.* at 8.) In other words, as pled, Defendants' counterclaim is that they performed the terms of the contract that Plaintiff complains they did not and Plaintiff failed to pay them for that performance. (*Id.*) There are no other facts in Defendants' counterclaim that indicate that they allege that Plaintiff has either breached the contract at issue in some other way or breached some other contract between the parties. (*See id.*) And Defendants cannot spring a new factual theory of breach on Plaintiff at a later juncture. *See Michael Neely v. The Boeing Co.*, Case No. C16-1791-JCC, Dkt. No. 160 at 5 n.4 (W.D. Wash. 2019). If Defendants wish to plead some other type of breach of contract claim against Plaintiff, they need to allege facts related to each element of that breach. Therefore, Plaintiff's motion to dismiss Defendants' breach of contract counterclaim is DENIED.

### C. Equitable Remedies Claims

Plaintiff argues that Defendants' unjust enrichment and quantum meruit claims should be

---

[1] The parties dispute whether Minnesota or Washington law applies, and they dispute whether the Court can resolve a choice of law conflict at this stage of the proceedings. (Dkt. Nos. 13 at 5, 15 at 4–6.) Although the Court is extremely skeptical that Washington law applies here (*see* Dkt. No. 1 at 25), these arguments are irrelevant—Defendants pled that they "performed legal duties pursuant to the contract." (Dkt. No. 11 at 8.) If they plead facts to support that contention, it would satisfy the breach of contract elements enunciated by either Minnesota law or Washington law. *See Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011); *Univ. of Wash. v. Gov't Emps. Ins. Co.*, 404 P.3d 559, 566 (Wash. Ct. App. 2017).

dismissed because the parties agree that there is a valid contract, thus precluding equitable relief. (Dkt. No. 13 at 8–9.) By alleging breach of contract claims against each other and alleging that the same contract was breached, the parties agree that a valid contract existed between them. (*See generally* Dkt. Nos. 1, 11.) If the conduct of both parties at issue in the complaint and counterclaim is covered by the contract, equitable claims for relief are barred. *See Pierce Cty. v. State*, 185 P.3d 594, 618 (Wash. Ct. App. 2008); *Sterling Capital Advisors, Inc. v. Herzog*, 575 N.W.2d 121, 126 (Minn. Ct. App. 1998). As stated above, as pled, Defendants have only properly alleged one factual theory of breach—that Defendants did everything Plaintiff complains they did not and Plaintiff failed to pay them. *See supra* Section II.B. If Defendants wish to allege that some of the work they performed fell outside of the terms of the contract at issue and an equitable ground for relief is necessary to ensure that they are compensated for that work, they have failed to do so. (*See* Dkt. No. 11.) Because Defendants agree that a valid contract existed between the parties regarding at least some of Defendants' performance at issue here, and because Defendants do not allege that they performed any services not covered by the contract to which they agree exists, Defendants have not properly alleged any equitable claims for relief. Therefore, the Court GRANTS Plaintiff's motion as to Defendants' unjust enrichment and quantum meruit claims.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss (Dkt. No. 13) is GRANTED in part and DENIED in part. Defendants' unjust enrichment and quantum meruit claims are DISMISSED without prejudice. If Defendants wish to allege a different factual theory of Plaintiff's breach or if they wish to amend their equitable remedies claims, an amended counterclaim is due 14 days after the entry of this order. If no amended counterclaim is filed, Plaintiff's answer to Defendants' counterclaim is due 28 days after the entry of this order.

//

//

DATED this 20th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0074-JCC
PAGE - 6