THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. BANK, N.A., | CASE NO. C19-0074-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE GLOGOWSKI LAW FIRM, PLLC d/b/a ALLEGIANT LAW GROUP, and KATRINA GLOGOWSKI, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for leave to amend its complaint (Dkt. No. 28). Having considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

On January 16, 2019, Plaintiff filed a verified complaint against Defendants, alleging that Defendants caused Plaintiff to lose its interest in real property in Seattle (the "Erickson property") by failing to reasonably monitor, propel forward, and litigate proceedings relating to that property. (*See* Dkt. No. 1 at 1–2.) Defendants filed their first answer to the complaint on February 22, 2019. (Dkt. No. 11.) In that answer, Defendants denied the allegations, raised affirmative defenses, and brought counterclaims. (*See generally id.*) Those counterclaims related to the Erickson property: Defendants alleged that they competently represented Plaintiff's

ORDER
C19-0074-JCC
PAGE - 1

interest in the property and that Plaintiff failed to pay Defendants for their representation. (*See id.* at 8–9.)

On May 31, 2019, Defendants expanded the scope of the case by filing an amended answer that included counterclaims for "additional services rendered"—services unrelated to the Erickson property. (*See* Dkt. No. 23 at 9–11.) After filing the amended answer, Defendants served initial disclosure documents on Plaintiff on July 12, 2019. (*See* Dkt. No. 28 at 2.) Plaintiff claims that in the course of reviewing those documents, it identified two additional matters for which Defendants provided deficient legal services. (*See id.* at 2–3.) Once Plaintiff identified the additional matters—one of which is listed in Defendants' amended answer—it moved for leave to amend its complaint to add claims relating to those matters. (*Id.*) Plaintiff also seeks to amend its complaint to correct a date reference and to add language from the contract attached to its original complaint. (*See* Dkt. No. 28-1 at 5–6, 9.) Plaintiff filed the instant motion before the deadline for amending pleadings had passed. (*See* Dkt. Nos. 26, 28.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend a complaint "once as a matter of course"—*i.e.*, without a court's approval—within (1) 21 days after the plaintiff serves the complaint or (2) 21 days after the defendant serves a motion under Rule 12(b), (e), or (f), whichever is earlier. If a plaintiff can no longer amend their complaint as a "matter of course," then they "may amend . . . only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that "court[s] should freely give leave when justice so requires." When deciding whether to give leave, courts considers four factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). These factors are weighed "with all inferences in favor of granting the motion." *Id.* "Rule 15's policy of favoring amendments," the Ninth Circuit has said, "should be applied with extreme liberality." *Roth v. Garcia Marques*, 942 F.2d 617,

628 (9th Cir. 1991).

**B.    New Claims**

Defendants object to Plaintiff amending its complaint to add new claims on the grounds that (1) Plaintiff should have known of the facts giving rise to Plaintiff's new claims prior to Defendants serving their initial disclosure documents to Plaintiff on July 12, 2019; (2) Plaintiff is seeking to amend its complaint in bad faith after realizing its original claims are defective; and (3) Plaintiff's proposed amendment would prejudice Defendants by forcing them to engage in voluminous discovery that they could not have anticipated. (*See* Dkt. No. 30 at 5–8.) The first argument has some merit—Plaintiff probably could have brought its new claims sooner. However, there is no evidence that Plaintiff brought the claims in bad faith or that allowing the claims will prejudice Defendants.

### 1.    Undue Delay

The first Rule 15(a)(2) factor is undue delay. In assessing whether there is undue delay, a court must do more than ask if the motion to amend complies with the court's scheduling order; the court must also inquire "whether the moving party knew or should have known the facts and theories raised by an amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 464 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). If a party should have known the relevant facts but waits an unreasonable time to amend, then the delay may be "undue." *See, e.g.*, *id.* (affirming district court decision to deny leave where moving party knew the relevant facts but waited 15 months to amend); *Texaco v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (upholding district court's conclusion that eight-month delay was undue). However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). For a court to deny leave, there must also be evidence of bad faith or prejudice. *Id.* (citing *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)).

In this case, Plaintiff offers a somewhat unsatisfying explanation for why it is only now

bringing claims for two new matters. Plaintiff states that its new claims are based "largely" on information it learned from investigating Defendants' counterclaims and initial disclosures. (*See* Dkt. No. 28 at 3.) Yet, that information was presumably in Plaintiff's possession already. After all, Plaintiff had enough information to file its original complaint, which contained claims that are very similar to the ones it now proposes. (*Compare* Dkt. No. 1, *with* Dkt. No. 28-1.) And even if Defendants' initial disclosures provided important information, that information likely related to only one of the new matters for which Defendants allegedly provided deficient legal services. (*See* Dkt. No. 28 at 2) (noting that one of the new matters is listed in Defendants' counterclaims). Thus, it appears that Plaintiff "should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1389. The first factor therefore weighs against amendment.

2. Bad Faith

The second factor is bad faith. "'[B]ad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast, LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)). The moving party must typically establish bad faith by an affirmative showing. *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017). "Such a showing often requires extrinsic evidence." *Id.* (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

Here, Defendants rely on a single conclusory assertion to establish Plaintiff's bad faith. According to Defendants, Plaintiff seeks to add new claims after "having realized that Defendants can disprove its factual and legal allegations as to the Erickson property." (Dkt. No. 30 at 6.) But Defendants offer no evidence for this assertion—they have not even filed a motion to dismiss Plaintiff's original claims—and the Court will not assume bad faith. *See Sherrod*, 249 F. Supp. 3d at 87. Consequently, the second factor weighs in favor of amendment.

3. Prejudice

The third factor is prejudice. "Prejudice . . . means undue difficulty in prosecuting a

lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). To show prejudice, the opposing party must do more than allege that they will have to spend time and resources responding to the amendment. *See Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)). Similarly, "the need to undertake additional discovery cannot be classified as prejudice so long as ample time remains . . . to complete that discovery." *AmerisourceBergen Corp.*, 465 F.3d at 960.

Defendants have not met their burden of showing that allowing Plaintiff to add the proposed claims would cause Defendants prejudice. Defendants assert that allowing the claims would cause them prejudice because Defendants would have to engage in "voluminous discovery and investigation." (*See* Dkt. No. 30 at 7–8.) Yet, the need for discovery does not amount to prejudice where, as here, Plaintiff filed its motion to amend months before the close of discovery. *See AmerisourceBergen Corp.*, 465 F.3d at 960; (Dkt. No. 26 at 2) (ordering the parties to complete discovery by February 14, 2020). And Defendants' claim of prejudice rings particularly hollow when it was Defendants who expanded this case's scope by bringing counterclaims unrelated to the Erickson property five months after the case began. (*See* Dkt. No. 23 at 9–11.) If it is appropriate for the Court to resolve those claims, then it would seem appropriate for the Court to resolve the claims that Plaintiff now proposes. Accordingly, the third factor weighs in favor of amendment.

    4.  Futility

The fourth factor is futility. A proposed amendment is futile if it would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Defendants do not argue that Plaintiff's new claims would be subject to dismissal. (*See generally* Dkt. No. 30.) Therefore, the fourth factor weighs in favor of amendment.

### 5. Conclusion

The only factor weighing against amendment is the first—undue delay. Because "delay alone . . . is an insufficient ground for denial of leave to amend," the Court GRANTS Plaintiff leave to amend its complaint to add the proposed claims. *Webb*, 655 F.2d at 980.

### C. Contractual Language

Defendants object to the portions of Plaintiff's proposed amended complaint that add language from the contract that Plaintiff attached to its original complaint. (*See* Dkt. No. 23 at 7–8.) However, the basis for Defendants' objection is difficult to decipher. (*See id.*) It is also difficult to see how it would prejudice Defendants if Plaintiff added contractual terms that, according to Defendants' initial answer, "speak for themselves." (*See* Dkt. No. 11 at 4.) The Court therefore GRANTS Plaintiff leave to add the proposed language.

### D. Date Correction

Defendants do not object to Plaintiff amending its complaint to correct the date that was on paragraph 37 of the original complaint. (*See* Dkt. No. 23 at 1–2.) Accordingly, the Court GRANTS Plaintiff leave to correct the date.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend its complaint (Dkt. No. 28).

DATED this 3rd day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE