THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> THE GLOGOWSKI LAW FIRM, PLLC, d/b/a ALLEGIANT LAW GROUP, AND KATRINA GLOGOWSKI, <br><br> Defendants. | CASE NO. C19-0074-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff U.S. Bank's motion for a protective order (Dkt. No. 59), Defendants' motion to extend the fact witness discovery deadline (Dkt. No. 61), and Defendants' motion to extend the expert testimony disclosure deadline (Dkt. No. 70). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for a protective order, GRANTS in part and DENIES in part the motion to extend the fact witness discovery deadline, and GRANTS in part and DENIES in part the motion to extend the expert testimony disclosure deadline for the reasons explained herein.

I.  **BACKGROUND**

This is a legal malpractice action in which U.S. Bank alleges that its former attorney, Katrina Glogowski, breached the parties' engagement letter and her professional duties to U.S.

Bank. (*See generally* Dkt. No. 36.) Throughout this litigation, the parties have stipulated to several extensions of the case schedule. (*See* Dkt. Nos. 37, 46, 51, 54.) In April 2020, when the parties first requested the most recent extension, they represented that they had "completed written discovery for this matter" but requested additional time to attempt to complete in-person depositions in light of the COVID-19 pandemic. (Dkt. No. 51 at 2; *see also* Dkt. No. 54 at 2 n.1 ("Parties completed written discovery on May 13, 2020.").) The parties "anticipate[d] no more than four or five depositions . . . including the depositions of Party representative(s) and Katrina Glogowski . . . and the possible deposition of each Party's expert," (Dkt. No. 51 at 5), and ultimately agreed that the fact witness deposition deadline should be September 30, 2020, (*see* Dkt. No. 54 at 1).

The Court adopted the parties' stipulated case schedule on September 10, 2020. (*See* Dkt. No. 58.) Six days later, on Wednesday, September 16, 2020, Defendants' counsel requested to depose six witnesses during the final six business days of the discovery period: four former employees of U.S. Bank, one current employee of U.S. Bank, and one Rule 30(b)(6) corporate representative. (*See* Dkt. No. 60-1 at 2, 17.) The next day, the parties participated in an eight-hour deposition of Ms. Glogowski. (*See id.* at 17.) At 5:38 pm that evening, apparently without discussing the depositions with Plaintiff's counsel while they were together that day, Defendants' counsel noticed one deposition for September 24, two depositions for September 25, and three depositions for September 28. (*See id.* at 18.)

The following Monday, Plaintiff's counsel objected to producing any witnesses during the discovery period but offered to produce a 30(b)(6) witness after September 30 if Defendants would move for leave to extend the discovery deadline and abandon their request to depose the other witnesses. (*See id.* at 17.) Defendants were willing to schedule a deposition after September 30 but sought to "reserve the right to ask for further documents or witnesses should the representative be ill prepared or unable to answer." (*Id.* at 24.) Defendants also informally requested certain documents from U.S. Bank by e-mail. (*See id.*)

1    Plaintiff objected to producing additional documents and to potential depositions of
2 additional witnesses. (*Id.* at 23.) The parties met and conferred but were unable to reach
3 agreement on these issues. (Dkt. Nos 51 at 6, 61 at 1.) They filed simultaneous motions on
4 September 23, 2020: Plaintiff filed a motion for protective order and Defendants filed a motion
5 to extend the fact witness deposition deadline and the written discovery deadline until November
6 30, 2020. (*See* Dkt. Nos. 59, 61.)
7    While those motions were pending, the deadline for the parties to exchange expert reports
8 passed. The day before the deadline, Defendants moved to extend the expert disclosure deadline
9 in light of the pending motions. (*See* Dkt. No. 70.) U.S. Bank served its expert report by the
10 deadline and opposes an extension. (*See* Dkt. Nos. 71–72.)

## II.    DISCUSSION

### A.    Legal Standard

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon a showing of good cause, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Similarly, the Court may modify a scheduling order if a party demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). In the context of a scheduling order, the good cause standard focuses primarily on "the diligence of the party seeking the" modification. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). There is good cause to modify a deadline in a scheduling order if "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." W.D. Wash. Local Civ. R. 16(b)(6).

As explained in more detail below, the Court concludes that Defendants bear the burden of showing good cause to extend the discovery deadline to depose the five individual witnesses

and to issue additional written discovery, while U.S. Bank bears the burden of showing good cause for a protective order to prevent the Rule 30(b)(6) deposition.

### B. Depositions

Defendants move to extend the discovery deadline to depose six witnesses: four former employees of U.S. Bank, one current employee of U.S. Bank, and one 30(b)(6) corporate representative. (*See* Dkt. Nos. 61, 60-1 at 4, 17.) Defendants argue there is good cause to extend the deadline because U.S. Bank refused to produce the witnesses in a timely manner, there has been "civil unrest in Portland, Oregon, where the firm representing Defendants is headquartered," one of Defendants' attorneys was forced to evacuate her home due to wildfires, and Defendants' counsel prioritized other cases so "depositions of U.S. Bank did not rise to the top of the to do list until August 2020." (Dkt. Nos. 63 at 9, 61 at 2, 66 at 3.) The Court's analysis of whether there is good cause to extend the discovery deadline differs with respect to the individual witnesses and the 30(b)(6) witness.

1. Individual Witnesses

With respect to the individual witnesses, U.S. Bank argues that the deposition notices Defendants served on U.S. Bank are ineffective because the current and former employees are not parties to the litigation. (*See* Dkt. No. 59 at 6–7.) The Court agrees. "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). A corporation's employees are generally treated as non-parties. *See, e.g.*, *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 516 (D. Idaho 2013) ("[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice."); *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, slip. op. at 2 (S.D.N.Y. 2007) (same). Because Defendants did not properly subpoena these witnesses by the discovery deadline, there is no discovery pending from which to protect U.S.

Bank, and Defendants bear the burden of demonstrating good cause to extend the deadline.[1]

Defendants offer a host of arguments for why there is good cause to extend the deadline, none of which are persuasive. First, Defendants cite "civil unrest in Portland, Oregon" as a cause of their delay in serving the subpoenas. (Dkt. No. 63 at 9.) The Court is troubled by this explanation when Defendants' lead attorney works in Seattle, not Portland, and Defendants admit that "except for a handful of support staff . . . Bullivant Houser employees in the Portland office continue to work from home." (Dkt. No. 66 at 2.) Defendants further admit that Amanda Bryan, the associate attorney who ultimately emailed the discovery requests to U.S. Bank, lives in Sherwood, Oregon, (*id.*), and Defendants do not argue that any "civil unrest" in Sherwood prevented her from working diligently to serve discovery by the deadline. Because Defendants do not offer any explanation of how "civil unrest" in Portland caused their delay, the Court does not find it to constitute good cause to extend the discovery deadline.

Second, Defendants argue that there is good cause to extend the deadline because Ms. Bryan evacuated her home due to wildfires in Oregon. (*See* Dkt. Nos. 63 at 9, 61 at 1–2, 62 at 1.) The Court is sympathetic to Ms. Bryan, but Defendants have not provided enough evidence to show good cause for failing to meet the discovery deadline. Ms. Bryan's declaration does not explain when she evacuated her home, whether she was able to work while evacuated, when she returned home, or why she was unable to serve discovery during that time. Without that evidence, the Court cannot find that there was good cause for failing to meet the deadline. Further, Defendants offer no explanation for why their other attorneys, who are located in Seattle and Bellevue, could not have served the discovery in a timely manner.

Finally, Defendants' counsel argues that there is good cause to extend the discovery deadline because they prioritized other cases and "depositions of U.S. Bank did not rise to the top of the to do list until August 2020." (Dkt. No. 66 at 3.) Simply prioritizing other work does

---

[1] For the same reason, the Court need not address whether and to what extent U.S. Bank would have standing to object to subpoenas directed to non-parties.

ORDER
C19-0074-JCC
PAGE - 5

not provide good cause to extend the deadline in these circumstances, particularly where Defendants had at least five months to schedule depositions and the depositions deadline has been extended several times already. Further, Defendants do not explain why they did not make any effort to subpoena the non-party witnesses after U.S. Bank warned Defendants that their deposition notices were not properly served, (*see* Dkt. No. 60-1 at 17), nor do they explain why these witnesses are likely to have relevant testimony that they cannot obtain from the 30(b)(6) deposition of U.S. Bank.

In sum, Defendants were not diligent in pursuing these depositions, and therefore Defendants' motion to extend the discovery deadline to subpoena these witnesses is DENIED.

2. 30(b)(6) Deposition

Unlike the other depositions, Defendants properly noticed a 30(b)(6) deposition by the deadline so U.S. Bank bears the burden of showing good cause for a protective order. U.S. Bank argues that there is good cause for a protective order here because six days' notice of the 30(b)(6) deposition in this case was unreasonable, especially since Defendants gave U.S. Bank only four business days to prepare. (*See* Dkt. No. 59 at 8–10.) But the Court need not address this argument because U.S. Bank objected not just to producing a 30(b)(6) witness by the date in the deposition notice, but also to producing a 30(b)(6) witness *at any time* before the discovery deadline. (*See* Dkt. No. 60-1 at 17.) In other words, U.S. Bank objected to producing a 30(b)(6) witness even on September 30, 2020, which was 13 days (and 9 business days) after the notice was served.

A party seeking a deposition must provide "reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "Rule 30(b)(1)'s 'reasonable written notice' requirement is designed to ensure that a deponent has the opportunity to prepare adequately for her deposition." *Evans v. Griffin*, 932 F.3d 1043, 1048 (7th Cir. 2019). "The rules do not require any particular number of days, so that reasonableness may depend on the particular circumstances." *Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985). That a deposition is noticed late in the

discovery period does not, standing alone, render the notice unreasonable. *See Doe v. Trump*, 329 F.R.D. 262, 274 (W.D. Wash. 2018) ("[T]he 'eleventh hour' of a discovery period is still within the discovery period, and there is no basis for denying a discovery request simply because it is served toward the end of the designated period.").

The Court concludes that 13 days' notice (and 9 business days) was reasonable under these circumstances. Contrary to U.S. Bank's argument, the parties' stipulation expressly recognized that depositions of party representatives could be necessary. (*See* Dkt. No. 51 at 5.) Further, this case is not especially complex, and the 30(b)(6) notice includes only ten topics, many of which overlap, and most of which appear to be focused on U.S. Bank's allegations. (*See* Dkt. No. 60-1 at 12–14.) To the extent the topics are objectionable, U.S. Bank should have met and conferred with Defendants rather than flatly refusing to produce a witness by the deadline. Under these circumstances, 13 days' notice is not unreasonable.

**C.     Written Discovery**

Defendants also seek an extension of the discovery deadline so that they can request certain documents from U.S. Bank related to Ms. Glogowski's performance. (*See* Dkt. Nos. 61 at 2, 60-1 at 24.) Defendants informally requested the documents from U.S. Bank by e-mail but did not serve U.S. Bank with a formal document request. (*See* Dkt. No. 60-1 at 24.) Because Defendants did not properly serve the document requests on U.S. Bank before the deadline, Defendants bear the burden of showing good cause to extend it.[2]

Defendants argue that there is good cause to extend written discovery deadline because they "were unaware of U.S. Bank's position that Defendants were terminated for cause based on the Defendants' performance" until Ms. Glogowski's deposition on September 17, 2020. (Dkt. No. 63 at 4.) Defendants' argument is not well taken. From the outset of this case, U.S. Bank has

---

[2] In addition, because the written discovery deadline had already passed by the time Defendants filed their motion, (*see* Dkt. No. 54 at 2 n.1), Defendants must show that their failure to serve the discovery requests by the deadline was due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

ORDER
C19-0074-JCC
PAGE - 7

alleged the following:

> Still unaware of the full extent of Defendants' negligence, but nonetheless dissatisfied with Defendants' non-responsiveness and inadequate representation across the board in other matters and concerns about Defendants raised by the Attorney General of Washington, U.S. Bank briefly placed all loan files assigned to Defendants on hold during the summer of 2016, before eventually terminating the relationship on December 5, 2016, with all U.S. Bank files transferred away from Defendants by January 31, 2017.

(Dkt. No. 1 at 7; *see also* Dkt. No. 36 at 8–9.) Thus, for nearly 16 months before the written discovery deadline, Defendants were aware of U.S. Bank's contention that it terminated Defendants based on allegedly poor performance yet failed to request the documents they now seek. Defendants do not offer any good cause for their delay. Therefore, the Court DENIES Defendants' motion to extend the discovery deadline to seek additional written discovery.

### D.      Attorney Fees

U.S. Bank requests that the Court order Defendants to pay the attorney fees it incurred in preparing its motion for protective order. (*See* Dkt. No. 59 at 11–12.) When a Court grants in part and denies in part a motion for a protective order, it "may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, the Court concludes that both parties acted unreasonably and therefore declines to award attorney fees to either party.

### E.      Expert Testimony Disclosure Deadline

While the motions for a protective order and to extend the fact discovery deadline were pending, the expert testimony disclosure deadline approached. The day before the deadline, Defendants filed a motion to extend the deadline by 60 days in light of the pending motions. (*See* Dkt. No. 70). Defendants also chose not to serve an expert report by the deadline, (*see* Dkt. No. 72 at 2), despite Local Civil Rule 7(j)'s warning that "[p]arties should not assume that [a] motion [for relief from a deadline] will be granted and must comply with the existing deadline unless the court orders otherwise." U.S. Bank, by contrast, did serve its expert report by the deadline, and argues that the additional discovery Defendants seek is not relevant to Defendants' expert report,

which will address whether Ms. Glogowski met her duty of care, and does not excuse Defendants' failure to meet the deadline. (*See* Dkt. No. 71 at 2–3.) In reply, Defendants do not dispute that their expert will opine on whether Ms. Glogowski met the appropriate standard of care, but argue that "the procedures and practices of U.S. Bank with respect to service of process, onboarding of legal service providers, and decisions to pursue appeals as well as facts related to the Defendants performance over time . . . could affect the expert's analysis." (Dkt. No. 73 at 2.) The Court is skeptical of Defendants' sparse explanation but concludes that some of the topics in the Rule 30(b)(6) deposition notice may be relevant to Defendants' expert opinion. (See Dkt. No. 60-1 at 12–14.) Therefore, the Court GRANTS in part and DENIES in part Defendants' motion to extend the expert testimony disclosure deadline.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a protective order (Dkt. No. 59), GRANTS in part and DENIES in part Defendants' motion to extend the fact discovery deadline (Dkt. No. 61), and GRANTS in part and DENIES in part Defendants' motion to extend the expert testimony disclosure deadline (Dkt. No. 70). The Court ORDERS as follows:

1. U.S. Bank's 30(b)(6) deposition must be completed by December 1, 2020.[3]
2. Expert reports must be produced by December 11, 2020.
3. Rebuttal expert reports must be produced by December 31, 2020.
4. Expert depositions must be completed by January 29, 2021.
5. All discovery must be completed by January 29, 2021.
6. Dispositive motions must be filed by February 26, 2021.

//

//

//

---

[3] The Court understands that all other fact discovery has been completed.

ORDER
C19-0074-JCC
PAGE - 9

1    DATED this 10th day of November 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0074-JCC
PAGE - 10