THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> THE GLOGOWSKI LAW FIRM, PLLC, d/b/a ALLEGIANT LAW GROUP, and KATRINA GLOGOWSKI, <br><br> Defendants. | CASE NO. C19-0074-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff U.S. Bank's motion to strike Defendants' rebuttal expert report (Dkt. No. 75). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.  BACKGROUND

This is a legal malpractice action in which U.S. Bank alleges that its former attorney, Katrina Glogowski, breached her professional duties to U.S. Bank. (*See* Dkt. No. 36.) When the Court resolved the parties' previous dispute regarding the timing of discovery, it extended the deadline for producing expert reports to December 11, 2020 and the deadline for producing rebuttal expert reports to December 31, 2020. (Dkt. No. 74 at 9.) Expert depositions were to be completed by January 29, 2021. (*Id.*)

On October 30, 2020, before the original deadline for producing expert reports, U.S. Bank produced a report from Thomas Linde concluding that Ms. Glogowski breached her duty of care to U.S. Bank in handling the three matters that are the subject of this litigation. (*See* Dkt. No. 76 at 29–48.) Ms. Glogowski produced a report from Christopher Brain on December 30, 2020 concluding that Ms. Glogowski did not breach her duty of care. (*See id.* at 4–27.) Over three weeks later, U.S. Bank moved to prevent Ms. Glogowski from relying on Mr. Brain's opinions because, U.S. Bank argues, Mr. Brain's report is not a rebuttal report, so it should have been disclosed by the original expert disclosure deadline on December 1, 2020. (*See generally* Dkt. No. 75.)

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(D) provides that parties must make expert disclosures "at the times and in the sequence that the court orders." A party that "fails to provide information or identify a witness as required . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

### B.  Identifying Rebuttal Expert Reports

Federal Rule of Civil Procedure 26(a)(2)(D) generally requires parties to disclose expert testimony at least 90 days before trial but allows parties to disclose expert testimony "intended solely to contradict or rebut" another party's expert testimony "on the same subject matter" 30 days later. Fed. R. Civ. P. 26(a)(2)(D)(ii). These later-disclosed reports are often referred to as "rebuttal reports." In this case, the Court modified these default deadlines in a scheduling order but retained the distinction between the initial disclosure deadline and the rebuttal disclosure deadline. (*See* Dkt. No. 74 at 9.)

U.S. Bank argues that Mr. Brain's report does not qualify as a rebuttal report, and is therefore untimely, because it addresses a central element of U.S. Bank's claims "that [has] been

present from the start of [the] litigation." (Dkt. No. 75 at 4.) Although there is some support in the case law for these arguments, the Court does not find them persuasive.

In the absence of clear appellate guidance on what qualifies as a rebuttal opinion, some judges in this district have held that an expert report may be served at the rebuttal deadline only if it "contradicts or rebuts *unforeseen* evidence presented by the opposing party." *Holen v. Jozic*, 2018 WL 5761775, slip op. at 2 (W.D. Wash. 2018) (emphasis added); *see also Sousie v. Allstate Indem. Co.*, 2018 WL 1046828, slip op. at 2–3 (W.D. Wash. 2018). Under this approach, the parties must disclose expert reports on all topics they should anticipate will be in dispute by the initial expert disclosure deadline. Thus, an expert report that addresses "a fundamental element of [a plaintiff's] claim" must always be disclosed by the initial deadline. *Holen*, 2018 WL 5761775, slip op. at 3–4. Another judge has "decline[d] to adopt the rule that expert testimony on an anticipated portion of an opposing party's case cannot be rebuttal expert testimony." *Theoharis v. Rongen*, 2014 WL 3563386, slip op. at 4 (W.D. Wash. 2014). Under this approach, a party who does not bear the burden of proof on an issue may wait until the party with the burden of proof discloses its expert report on that issue before producing a report rebutting that expert, even if the issue was anticipated. *Id.* The Court agrees with this latter approach because it is most consistent with the text of the Rule, the advisory committee's notes, and the Rules' purpose in "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The Court starts with the text. Rule 26(a)(2)(D)(ii) defines a rebuttal expert report as a report "intended solely to contradict or rebut" a report "on the same subject matter identified by another party." Under this definition, a report must satisfy only two elements to qualify as a rebuttal report: it must address "the same subject matter" as another party's expert report and must be "intended solely to contradict or rebut" that report. Nothing in the text prohibits a party from contradicting or rebutting another party's expert report simply because the report addresses an expected topic. *See Theoharis*, 2014 WL 3563386, slip op. at 3 (declining to impose

additional restrictions on rebuttal testimony that are not in the text of Rule 26(a)(2)).

Because of the allocation of the burden of proof between the parties, this Rule affects plaintiffs and defendants differently. Since plaintiffs generally bear the burden of proof, the expert opinions they offer will rarely be "intended solely to contradict or rebut" another expert's opinion. Instead, plaintiffs' expert opinions are generally aimed at establishing the elements of their claims. Defendants, on the other hand, will often produce expert reports solely for the purpose of contradicting or rebutting a plaintiff's report because defendants generally need not produce any evidence to prevail.[1] The result is that defendants can take advantage of the later rebuttal report deadline much more frequently than plaintiffs. In a typical case, the plaintiff will be required to disclose its expert report by the initial deadline and then the defendant may respond by the rebuttal deadline.

Although the text of the Rule alone is sufficient to reject U.S. Bank's argument, the advisory committee's notes confirm that the committee intended for parties to follow this two-step process. In the notes to the 1993 amendments, which added the expert disclosure rules, the advisory committee observes the following about the sequencing of expert disclosures: "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment. Although this statement is a suggestion to courts that wish to address expert disclosure deadlines in a scheduling order rather than relying on the default deadlines in Rule 26, it is persuasive evidence that the default rule also provides for this two-step process. It would be odd for the advisory committee to conclude that requiring the party with the burden of proof to produce its expert reports first is best, and to encourage courts to sequence disclosures that way, while simultaneously endorsing a rule

---

[1] There are exceptions, of course. A defendant pursuing an affirmative defense on which it bears the burden of proof must produce evidence to establish that defense, but in most cases, and on most elements, the plaintiff bears the burden of proof.

prohibiting the parties from following this approach in the majority of cases because the parties know the elements of the plaintiff's claims from the outset.

In addition to being most consistent with the text of the Rule and the advisory committee's notes, the *Theoharis* interpretation is most likely "to secure the just, speedy, and inexpensive determination of every action" because the two-step process conserves resources. There are some cases in which a plaintiff generally cannot prevail without producing expert testimony. *See, e.g.*, *Reyes v. Yakima Health Dist.*, 419 P.3d 819, 823 (Wash. 2018) ("The applicable standard of care in medical malpractice actions must generally be established through expert testimony."). In these cases, if the plaintiff fails to disclose expert testimony by the deadline, the defendant may immediately move for summary judgment—and prevail—without incurring the expense of hiring its own expert. *Id.* Thus, sequencing the expert disclosures to require the party with the burden of proof to disclose first allows a defendant to avoid the expense of hiring an expert when it is not necessary because the plaintiff cannot meet his or her burden of proof.

Sequencing expert disclosures this way also conserves resources in cases where expert testimony is not required. For instance, imagine a plaintiff in a personal injury action seeking to prove the defendant caused a vehicle collision. That plaintiff could rely entirely on eyewitness testimony or could choose to also hire an accident reconstruction expert. If the plaintiff were to rely only on eyewitness testimony, the defendant might be content to rely on its own eyewitnesses and cross-examination to undermine the plaintiff's theory. But if the plaintiff were to hire an expert, the defendant might wish to hire an expert of its own. *See Theoharis*, 2014 WL 3563386, slip op. at 4. Under U.S. Bank's approach, to preserve the option of relying on expert testimony, the defendant would be required to hire the expert and pay for her to prepare a report before the initial disclosure deadline, without knowing whether the plaintiff intended to rely on an expert. This sequence has the potential to waste the defendant's, the plaintiff's, and the Court's resources. Once the defendant has disclosed an expert, the plaintiff is likely to wish to

depose her and may wish to file a *Daubert* motion that the Court would then need to adjudicate. All of this could be avoided if the defendant were not required to produce an expert report until the plaintiff declares whether she will call an expert of her own.

In sum, the approach in *Theoharis* is most consistent with the text of the Rule, the advisory committee's notes, and purpose of the Federal Rules.

The opinions on which U.S. Bank relies appear to have grafted the foreseeability limitation from a decades-old out-of-circuit opinion interpreting an order regarding pretrial witness lists. In *Sousie*, the Court cited *Morgan v. Commercial Union Assurance Companies*, 606 F.2d 554, 556 (5th Cir. 1979) for the proposition that "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a rebuttal witness, or anything analogous to one." 2018 WL 1046828, slip op. at 2 (quoting *Morgan*.) But neither *Sousie* nor U.S. Bank offers any explanation for why *Morgan* should apply to expert disclosures.[2]

In *Morgan*, the district court issued a pretrial order requiring the parties to disclose all witnesses who would testify at trial except "rebuttal witnesses." 606 F.2d at 555. At trial, the defendant sought to have a witness testify who was not on the list, and the district court excluded the witness, concluding that he was not a rebuttal witness. *Id.* The Fifth Circuit held that in the context of a pretrial witness list, "[r]ebuttal is a term of art" that refers to witnesses "introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief." *Morgan*, 606 F.2d at 555. The Court noted that the term was sometimes imprecisely applied to similarly-situated defense witnesses and held that regardless of the label, a defense witness addressing an expected part of the plaintiff's case did not qualify, and was required to be disclosed before trial. *Id.* at

---

[2] The Ninth Circuit has cited *Morgan* only twice in the 42 years since it was decided, and neither case involved expert witness disclosures. *See Goldfinger Haw., Inc. v. Polynesian Res., Inc.*, 869 F.2d 1497, slip op. at 2 (9th Cir. 1989) (addressing admission of witnesses not listed in a pretrial order); *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (addressing exclusion of evidence that did not comply with a pretrial order).

555–56.

*Morgan* did not address expert disclosures. Indeed, the rules requiring expert disclosures were not enacted until 14 years after it was decided. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment. Nor did *Morgan* interpret any statute or federal rule. Therefore, the Court doubts that its interpretation of the term "rebuttal witness," in the context of an order regarding pretrial witness lists, controls here. But even if it did, Rule 26(a)(2)(D)(ii) is not so limited. Although expert testimony that falls within the Rule is colloquially referred to as "rebuttal" testimony, the Rule allows disclosure of testimony intended solely to "contradict *or* rebut" the other party's expert testimony. Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). To "contradict" an expert report is "to resist or oppose in argument" or "to assert the contrary of" it or "to take issue with." *Contradict*, *Webster's Third New Int'l Dictionary* (2002). Nothing in those definitions or elsewhere in the text of the Rule limits contradictory evidence to evidence that addresses an unforeseen opinion.

Next, as the Court explained in *Theoharis*, the purpose of the *Morgan* rule is to avoid surprise witnesses near the end of trial, and similar concerns are not present in the Rule 26 context, where rebuttal experts must be disclosed, by default, at least 60 days before trial. *See* 2014 WL 3563386, slip op. at 3–4.

The *Holen* opinion includes additional citations in support of the foreseeability limitation but they are not any more persuasive than *Morgan*. The first citation is to the undersigned's opinion in *Daly*. But the language cited in *Holen* comes from the portion of the opinion addressing a *plaintiff's* attempt to call an undisclosed witness *at trial*. *See Daly*, 238 F. Supp.2d at 1238 (holding that a plaintiff may not call a rebuttal witness at trial unless "the need for [the witness] could not have been foreseen at the time the plaintiff presented its case-in-chief"). That portion of *Daly* sheds no light on whether a defendant may disclose an expert opinion addressing an expected portion of the plaintiff's case at the rebuttal expert disclosure deadline. Next, *Holen* cites to *Wong v. Regents of the University of California*, 410 F.3d 1052 (9th Cir. 2005), in which

the Ninth Circuit affirmed a district court's order excluding a plaintiff's expert testimony that was not timely disclosed. But *Wong* also had nothing to do with rebuttal expert disclosures. In that case, the plaintiff sued the University of California for disability discrimination. *Id.* at 1055. After the court-imposed expert disclosure deadline passed, and after University moved for summary judgment, the plaintiff disclosed an expert report concluding that he was disabled. *Id.* at 1055–59. The plaintiff argued the untimely disclosure was justified because it fell within an exception in the scheduling order for circumstances in which "the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged." *Id.* at 1060. The district court excluded the untimely opinion and the Ninth Circuit affirmed. Thus, *Wong* does not stand for the proposition that rebuttal reports may address only unforeseen evidence; the court simply held that the plaintiff's expert report in that case, which addressed an element of the plaintiff's claim, did not fall within the district court's exception to the scheduling order.

### C. Application to Mr. Brain's Report

Applying the foregoing principles, the bulk of Mr. Brain's report was timely. Mr. Linde opined that Ms. Glogowski breached her duty of care to U.S. Bank in handling the three matters that are the subject of this litigation. (*See generally* Dkt. No. 76 at 29–48.) Mr. Brain opined that she did not. (*See id.* at 4–27.) Therefore, Mr. Brain's report addressed the same subject matter Mr. Linde did and contradicted his report. That is all the Rule requires. At the same time, U.S. Bank is correct that Mr. Brain's opinions regarding causation are not proper rebuttal opinions because they address a topic on which Mr. Linde did not opine. *See Theoharis*, 2014 WL 3563386, slip op. at 3 ("[A] rebuttal expert cannot offer evidence that does not contradict or rebut another expert's disclosure merely because she also has also offered some proper rebuttal."). Although Mr. Linde identified causation as one of the elements U.S. Bank must establish, he did not express an opinion about causation. Therefore, this portion of the report was untimely, and will be excluded.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part U.S. Bank's motion to exclude Mr. Brain's testimony (Dkt. No. 75). The Court GRANTS the motion with respect to Mr. Brain's opinions regarding causation and DENIES the motion with respect to Mr. Brain's opinions regarding whether Ms. Glogowski satisfied her professional duties to U.S. Bank.

DATED this 3rd day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE